■ MAY E. SPERLING, as Executrix of RICHARD H. SPERLING, Deceased, Respondent, v. GREAT AMERICAN INDEMNITY COMPANY, Appellant.— In an action pursuant to section 167 of the Insurance Law, the appeal is from an order granting respondent's motion for summary judgment striking out the answer, and from the judgment entered thereon. Respondent's testate was killed in an accident occasioned by the negligence of the daughter of the insured named in a family automobile liability policy. The car, which was not owned by the named insured, had been stolen by her daughter, who at the time of the accident was 16 years of age and was not licensed to operate a motor vehicle.

The accident occurred while she was fleeing from the police. Order and judgment affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Ughetta and Kleinfeld, JJ., concur; Wenzel, J., dissents and votes to reverse the order, to deny the motion, and to vacate the judgment, with the following memorandum: The policy insured the named insured and any relative of such insured against damages resulting from the carelessness or negligence of such insured or such relative while operating the automobile owned by the insured or while operating any other automobile. Such coverage, however, must be deemed to embrace the consequences of carelessness or negligence, as commonly understood, occurring during the use of an automobile. Here the crash, and the ensuing death of the testate, did not occur because of any carelessness or negligence as commonly understood nor indeed because of any other kind of carelessness or negligence. Certainly it was never intended to cover an insured against damages occurring during the commission of a felony. The crash and the death were due solely to the wanton, willful and intentional act of the insured's daughter in driving a stolen automobile at a speed in excess of 90 miles an hour in order to elude the police, in striking the rear of the testate's automobile and in killing him. The circumstances under which this crash occurred, i.e., the fact that the insured's daughter was driving a stolen automobile and the fact that she was attempting to escape from the police, who were in hot pursuit, plainly indicate that the accident was not an "accident" at all. Rather, the circumstances would indicate that the crash was a catastrophe which was occasioned, not by any lack of care or by any neglect of the named insured's daughter or of the named insured, but by conduct which was wanton, willful and intentional and which was induced by a mind so perverted and sadistic as to be heedless of the consequences to self and to others. It was never the purpose of the policy to insure against damage caused by one giving vent to such wanton, homicidal proclivities. In any event, the circumstances surrounding the occurrence are clearly sufficient to raise an issue of fact as to whether it was an "accident" caused by neglect or lack of care or whether it was a catastrophe caused by the wanton, homicidal conduct of one fleeing arrest in a stolen automobile. The granting of summary judgment, therefore, was improper.